IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER M. KEARNS,

Plaintiff,

v.                                          CASE NO. 05-3490-SAC

JOHNSON COUNTY ADULT
DETENTION CENTER,

Defendant.

### O R D E R

This is a civil complaint filed by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas (JCADC). Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.; and the Americans With Disabilities Act (ADA) 42 U.S.C. 12101, et seq.

As the factual basis for his claim, plaintiff alleges he requires the use of a handicap accessible shower because of his "leg/hip injury," but is not allowed to use one at the detention center. He further alleges "it is painful to stand too long and dangerous sometimes," and he needs to use the shower "for therapy for his hip/leg." He states that defendants have records of his "extensive injuries" but ignore them. Plaintiff prays that the court grant "the relief stated in 42 U.S.C. 2000e-5, . . . or 42 U.S.C. 12117 including damages in the amount of $8500."

### MOTIONS

Even though plaintiff has filed motions herein with several defendants in the caption, the sole defendant named in the

complaint is "Jo. Co. Dept. of Corrections Adult Detention Center." No other defendant has been added by proper amendment, and no motion has been filed to amend to add defendants. Thus, the only defendant presently in this case is the Johnson County Adult Detention Center.

Plaintiff also filed a Motion for Appointment of Counsel in a Title VII action (Doc. 3), which lists several attorneys he has conferred with in efforts to retain his own attorney, and a financial affidavit in support of this motion (Doc. 4).[1] The court finds this motion should be denied at this juncture, but plaintiff may file another motion for appointment of counsel at a later time.

Plaintiff's first Motion for Leave to Proceed in forma pauperis (Doc. 2), filed with an affidavit in support attached, did not include the requisite documentation regarding his inmate account. Plaintiff has since filed a renewed Motion for Leave to Proceed in forma pauperis (Doc. 5), which has the necessary documentation attached.

Plaintiff submitted one set of the above motions to the Clerk of the Court and improperly requested that copies be made by the Clerk and filed in a second, unrelated case. The two cases do not contain the same defendants and are not based upon the same facts. Plaintiff is instructed to no longer submit only one set of pleadings or motions for filing in his two separate, pending

---

[1] The form used by plaintiff to file this document contains a provision that it is to be sealed upon filing. However, the same information contained in this document was provided by plaintiff in his affidavit in support of his motion for leave to proceed in forma pauperis in this and another case and has therefore already been published. The court finds there is no actual motion to seal, and neither of these documents needs to be maintained under seal at this juncture.

cases.  Plaintiff should obtain 2 sets of forms for his pleadings or motions and fill them out separately, or produce 2 different handwritten pleadings for his 2 separate cases.


**TITLE VII CLAIM**

Title VII is the federal Employment Discrimination Act whose purpose is to prevent unlawful employment practices.  An employee-employer relationship must be shown to state a claim under Title VII.  See Lambertson v. Utah Dep't of Corrections, 79 F.3d 1024, 1028-29 (10th Cir. 1996).  Plaintiff alleges no facts indicating an employer-employee relationship with the defendant, and presents no facts indicating he has a viable claim under Title VII.  Moreover, he makes no showing that the statutory prerequisites[2] to filing an employment discrimination complaint have been satisfied.  The court finds this claim is subject to being dismissed for failure to state a claim based upon these deficiencies.


**ADA CLAIM**

---

[2]

Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title VII, Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. See Simms v. Oklahoma ex rel. Dept of Mental..., 165 F.3d 1321, 1326 (10th Cir. 1999). Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir.), cert. denied, 522 U.S. 935 (1997); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996).  To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with a state agency.  See 42 U.S.C. 2000e-5(e) and (f)(1).  The charge must be in writing, signed, verified and must contain a clear and concise statement of the facts.  See 29 C.F.R. §§ 1609.9; 1601.12(3).  The purposes of the exhaustion requirement are to provide notice of the alleged violation to the charged party, and to provide the EEOC with the opportunity to conciliate the claim.

The Americans with Disabilities Act[3] prohibits prisons from discriminating against a qualified individual with a disability on account of that disability.  <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206 (1998); <u>Schmidt v. Odell</u>, 64 F.Supp.2d 1014, 1031 (D. Kan. 1999).  The Act defines "public entity" to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State," 42 U.S.C. 12131(1).  The U.S. Supreme Court has expressly held that the term "public entity" includes state prison facilities.  <u>See Yeskey</u>, 524 U.S. at 210 (State correctional facilities are among the "public entities" under ADA required to make their facilities readily accessible to individuals with disabilities).  Title II of the ADA authorizes suits by private citizens for money damages against public entities that violate Section 12132.

However, plaintiff does not sufficiently allege that he has exhausted administrative remedies[4] on his ADA claim.  Under the Prison Litigation Reform Act (PLRA), a prisoner who files a civil action challenging the conditions of his confinement must first exhaust administrative remedies:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

---

[3]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. 12132 (2000 ed.).

[4]

On the form complaint filed by plaintiff are printed the words, "I filed charges with the Kansas State Division of Human Rights or the Kansas State Commission on Human Rights on" followed by a blank line. This line is obviously intended for the date the charges were filed.  Plaintiff only signed his name on this line. Other than this, there is no allegation that plaintiff has sought administrative relief under either the ADA or, as required, through grievance procedures at the detention center.

> prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  This mandatory exhaustion requirement must

be strictly observed "regardless of the relief offered through

administrative procedures." Booth v. Churner, 532 U.S. 731, 741,

(2001).  This requirement "applies to all inmate suits about

prison life, whether [those suits] involve general circumstances

or particular episodes, and whether [those suits] allege

excessive force or some other wrong." Porter v. Nussle, 534 U.S.

516, 532, (2002).  The plain language of § 1997e(a) requires

prisoner actions under "any" federal law to meet the exhaustion

requirement, and ADA suits are not exempt.  Jones v. Smith, 109

Fed.Appx. 304, *307 (10th Cir. Sept. 13, 2004, unpublished[5]; see

Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001) (applying PLRA

exhaustion requirement to prisoner's ADA action); Carrasquillo v.

New York, 324 F.Supp.2d 428 (S.D.N.Y. 2004)(stating that Congress

intended § 1997e(a) to apply to all federal suits, including ADA

suits); Chamberlain v. Overton, 326 F.Supp.2d 811, 815 (E.D.

Mich. 2004); but cf., Parkinson v. Goord, 116 F.Supp.2d 390,

398-99 (W.D.N.Y. 2000) (finding that the PLRA exhaustion

requirement did not apply because Title II of the ADA itself had

no exhaustion requirement).

In Steele v. Federal Bureau of Prisons, 355 F.3d 1204,

1208-09 (10th Cir. 2003), the Tenth Circuit Court of Appeals

concluded that while a plaintiff's failure to meet the exhaustion

requirement of § 1997e(a) does not deprive the court of subject

---

[5]     A copy of this unpublished decision is attached in accord with Tenth Circuit Rule 36.3(C).

matter jurisdiction over the action, exhaustion is a pleading burden that falls on the plaintiff, and "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief can be granted'." Id. at 1209, *quoting* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).   To adequately allege exhaustion a "prisoner must: (1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed.R.Civ.P. 8(a)(2); and (2) 'attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome'." Steele, 355 F.3d at 1209, *quoting* Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000); Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1138-39 (10th Cir. 2005).

Plaintiff is directed to supplement the complaint to demonstrate full exhaustion of administrative remedies on his claim.   The failure to do so in the time provided by the court may result in the dismissal of this action for failure to state a claim, without prejudice, with no further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days to supplement his complaint to avoid dismissal without prejudice under 42 U.S.C. § 1997e(a).

**IT IF FURTHER ORDERED** that plaintiff's affidavit (Doc. 4) no longer be held under seal.

**IT IS SO ORDERED**.

Dated this 19th day of January, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge