IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHRISTOPHER M. KEARNS,

                    Plaintiff,

          v.                              CASE NO. 05-3490-SAC

JOHNSON COUNTY ADULT
DETENTION CENTER,

                    Defendant.

## MEMORANDUM AND ORDER

This civil complaint was filed by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas (JCADC). Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.; and the Americans With Disabilities Act (ADA) 42 U.S.C. 12101, et seq. Plaintiff raises a fairly simple claim that he requires the use of a handicapped-accessible shower because of "leg/hip injury," but is not allowed to use the one at the JCADC. He alleges he needs to use the shower "for therapy for his hip/leg" and "it is painful to stand too long and dangerous sometimes." He states defendants have records of his "extensive injuries" but ignore them. He prays the court grant "the relief stated in 42 U.S.C. 2000e-5, . . . or 42 U.S.C. 12117 including damages in the amount of $8500."

**FILING FEE**

Plaintiff has not satisfied the filing fee in this action. Plaintiff's first Motion for Leave to Proceed in forma pauperis (Doc. 2) does not include the requisite documentation regarding his inmate account and is denied for that reason.

Plaintiff's "Renewed Motion for Leave to Proceed in forma pauperis" (Doc. 5), upon close examination, also fails to fully comply with 28 U.S.C. 1915(a)(2), which provides that a prisoner seeking to bring a civil action without prepayment of fees must file, in addition to an affidavit stating his assets, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the <u>6-month period immediately preceding</u> the filing of the complaint . . . obtained from the appropriate official <u>of each prison</u> at which the prisoner is or was confined (emphasis added)." Plaintiff has filed the requisite affidavit, but his account statement contains entries for only 3 of the 6 months preceding the filing of his complaint. His current account balance is certified to be $0.

**TITLE VII CLAIM**

Plaintiff's claim asserted under Title VII must be dismissed for failure to state a claim. As noted in the court's prior order, plaintiff alleges no facts indicating an employer-

employee relationship with the defendant or that he has a viable claim under Title VII.  Nor has he shown that the statutory prerequisites to filing an employment discrimination complaint have been satisfied.  Plaintiff alleges no facts or arguments in his Response to overcome these deficiencies.

**ADA CLAIM** - **EXHAUSTION**

A qualified, disabled prison inmate claiming denial of use of a handicapped accessible shower, might state a cognizable claim for injunctive relief and money damages under the ADA. However, as the court noted in its order dated January 19, 2006 (Doc. 6), plaintiff did not sufficiently plead in his complaint that he fully exhausted administrative remedies on his ADA claim.  Plaintiff was informed in the prior order, "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief can be granted'."  Plaintiff was granted 20 days to supplement his complaint to show full exhaustion in accordance with  42 U.S.C. 1997e(a).  Plaintiff was advised that in order to adequately allege exhaustion a prisoner must "attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1208-09 (10th

Cir. 2003).   Plaintiff was warned that failure to show exhaustion in the time provided by the court could result in dismissal of this action without further notice.

Instead of filing a Supplement to his Complaint describing administrative proceedings as ordered, plaintiff submitted a pleading he entitled "Motion for Summary Judgment." In this pleading, he alleges neglect of a medical condition amounting to cruel and unusual punishment.   He refers to a medical appointment on January 6, 2006, and states that Dr. Gamble verbally agreed at this appointment to allow use of the shower.   He then alleges "still willfully denied knowledge or access," and "witness nurse  Karen."   He alleges "Dr." prescribed pain medication "due to this visit."   He further alleges that on January 19, 2006, he was allowed temporary use of the shower "after mention of the suit."   He "now" asks the court to grant him permanent use.   He also asks the court to compensate him for his daily suffering "due to the Defendants neglect."   All the events described in this pleading occurred after the complaint was filed.

No administrative grievance proceedings are described in this pleading.   Despite the lack of reference to administrative grievances, the court liberally construed this pleading as plaintiff's Response (Doc. 7) to the court's order of January 19, 2006, because no other response was filed and several copies

4

of administrative grievances were attached. The court now considers the attachments to the Response and whether or not they constitute adequate pleading that plaintiff fully exhausted the available administrative remedies.

Attachment 1 to the Response (Doc. 7) does not amount to a showing of exhaustion. It is a "Request for Medical Care," and not a request for administrative remedy for denial of access to a specially equipped shower. Attachment 5 is an "Inmate Grievance Form" designated[1] as a "grievance" dated January 3, 2006, complaining it had been 5 weeks since Kearns "notified PHS about (his) hip pain" and alleging disregard of his condition. The administrative response was that he would be seen by the doctor. This "grievance" was not submitted until after the complaint was filed, and does not mention showers. Attachment 2 is an "Inmate Communication Form" designated a "request" dated January 6, 2006. This "request" complains of being charged for the medical visit on January 6, 2006, and does not seek administrative relief from denial of use of a special shower. Attachment 6 is a "grievance" dated January 9, 2006, complaining Kearns had not received papers showing Dr. Gamble's approval of his use of the handicapped accessible shower. The administrative response provided:

---

[1]  The Inmate Communication Form may be designated by the inmate as a request, grievance, review or an appeal.

> If Dr. Gamble approves you to use the
> handicapped shower, then he will send a written
> . . . memo to the module. Until then, the
> officers will not permit you to use it. It
> might be necessary for you to see the doctor to
> accomplish this.

Attachment 7 is an Inmate Communication Form with no further designation dated January 13, 2006. Therein, plaintiff states he saw Dr. Gamble on January 6th, and the doctor "granted permission for me to use the handicap/disabled shower." He questioned why the PHS staff was denying it. The response dated January 16, 2006 provided, "The Dr. did not grant you permission. Also you have been witnessed going up and down the stairs to use upstairs shower." Attachment 8 is a "grievance" dated January 14[2]. Plaintiff complained therein that it had been 2½ months since he requested use of the disabled shower. He alleges PHS "has prior records of my orthopedic surgeries, and Dr. Gamble agreed that I could use the shower on 1-6-06." Captain Stone answered that although the medical staff had not given medical orders for plaintiff to use the handicapped shower, he would allow him "to use it for now." Plaintiff received this response on January 22, 2006. Attachment 3 is a "grievance" dated January 21, 2006, in which plaintiff complained his hip was bothering him, he had been waiting for an evaluation since December 8, 2005, and that medical care at the

---

[2] The year is written on top as 2005, but is assumed to be 2006, since the response was in January 2006.

center was "terrible."  This grievance does not mention denial of access to a specially equipped shower.  The response indicated plaintiff's medical records showed his "hip is completely healed." Attachment 4 is plaintiff's "request" dated December 11, 2005, "to use chair & shower" because of "orthopedic problems, mainly my hip will pop-out which will require a (sic) emergency room visit." He also stated when he tilted his head back in the shower, he loses his balance.  The administrative response to this grievance was that plaintiff was being scheduled to see the physician for an evaluation, and was advised, in the mean time, not to tilt his head back in the shower.  Attachment 4 is the only relevant grievance or request submitted prior to the initiation of this federal lawsuit.

Attachment 11 is a letter from the Civil Rights Division, Disability Rights Section of the U.S. Department of Justice, dated January 25, 2006, which informs plaintiff of its decision "not to take any further action on your complaint."  Attachment 9 is a request for names of nurses and does not raise any claim asserted in the complaint.  Attachment 10 is a request for medical care for ear pain, which was carelessly attached by plaintiff to this pleading when it probably should have been filed in his other pending case.  It is no evidence of exhaustion of administrative remedies herein.

There is no indication that plaintiff administratively

appealed the denial of any of his grievances.  Plaintiff does not allege that administrative review or appeal was unavailable. The court finds that neither the factual allegations in this Response nor the attachments meet plaintiff's burden to plainly show he has exhausted all the available administrative remedies.

**SUFFICIENCY OF FACTUAL ALLEGATIONS**

Plaintiff has failed to cure the foregoing procedural deficiencies discovered upon initial screening.  The additional documents submitted by plaintiff reveal substantive deficiencies as well.  Plaintiff's allegations are conclusory and insufficient to state a claim.

Title II of the ADA prohibits discrimination based on disability:

> . . . [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities or a public entity or be subjected to discrimination by any such entity.

42 U.S.C. 12132.  Plaintiff alleges no facts indicating he is a "qualified individual" as defined in the Act or that he is being discriminated against because of a known disability.  Instead, he makes the conclusory statement that he requires use of the

handicapped shower at the detention center[3].  He implies this need is evident from prior medical records, orthopedic problems and surgeries, current pain, and his speculation that he might be injured in a regular shower.  He does not pinpoint or exhibit any certain part of his prior medical records as prescribing his use of a handicapped-accessible shower.  He alleges in his Response that once he was evaluated by the doctor at the jail, which was after this complaint was filed, Dr. Gamble "agreed" he "could use the shower." However, Dr. Gamble apparently has not written a prescription or communicated to jail officials that it is medically necessary for plaintiff to use the handicapped shower.  The court finds there are no factual allegations in the complaint or actual records described or exhibited, which demonstrate plaintiff has a known, substantially limiting impairment that qualifies as a disability[4] as defined by the ADA. The court concludes plaintiff fails to allege sufficient factual allegations to state an ADA claim.

Plaintiff's allegations in his Response are also insufficient to state a claim of cruel and unusual punishment. Plaintiff names the JCADC as sole defendant.  While this public

---

[3]

Plaintiff's claim is not that the detention center has no handicapped accessible shower, but simply that he has not been allowed to use the one on site.

[4]

Defendant's alleged awareness of plaintiff's "past medical problems" in general is not enough to establish knowledge of a specific, qualified disability.

entity is the appropriate defendant in an ADA action, it is not a proper defendant in a civil rights action seeking money damages based upon a claim of cruel and unusual punishment. In a civil rights action, the defendant must be a person alleged to have personally participated in the complained of acts or inactions. There is no person named as defendant who is alleged to have denied plaintiff use of the shower.

Furthermore, plaintiff fails to allege facts which establish a claim of deliberate indifference to serious medical needs. He does not allege facts showing denial of the handicapped accessible shower was an "extreme deprivation" which denied him a "minimal civilized measure of life's necessities." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Nor does he allege facts indicating defendant acted with deliberate indifference to his health or safely. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The court concludes the minimal factual allegations made by plaintiff in his attempt to claim cruel and unusual punishment are simply insufficient to state a claim. Moreover, exhibits submitted by plaintiff suggest nothing more than a disagreement between plaintiff and jail officials as to whether or not he requires the use of the handicapped accessible shower.

The court does not rule that plaintiff's own factual allegations dispute a claim under either the ADA or for cruel and unusual punishment. If plaintiff can marshal and present

10

facts or exhibits indicating he is a qualified individual with a known disability under the ADA, he may be allowed to proceed on a claim under that federal law.   Likewise, if he can allege facts indicating a current, established, serious medical condition for which the use of a handicapped accessible shower has been prescribed, and he names as defendant a person whose acts interfered with that treatment, then he may be allowed to proceed on a claim of cruel and unusual punishment.   The few facts stated by plaintiff in the instant complaint and in response to the court's order are simply not sufficient to permit him to proceed on either type of federal claim.

Plaintiff's claim for compensatory money damages is not supported by even a single allegation of actual pain or injury having resulted from defendant's refusal to allow him to use the handicapped shower from the time he requested its use until it was provided.   Thus, plaintiff's conclusory prayer for monetary relief also fails to state a claim.   Moreover, if this prayer is based upon a cruel and unusual claim, the only named defendant is immune from such liability.

Plaintiff could be given a second opportunity to amend his complaint to cure these substantive deficiencies as well as the procedural ones.   Instead, the court determines that this action should be dismissed, without prejudice, at this time for the following reasons.   First, plaintiff has not satisfied the

11

filing fee for this action.    Second, plaintiff failed to properly supplement his complaint as ordered at the last opportunity.    He failed to show full exhaustion of administrative remedies as mandated by statute and specifically ordered by this court.    Third, the injunctive relief sought by plaintiff, use of the handicapped accessible shower, has been provided.    Since plaintiff instituted administrative remedies after filing this action, he was granted use of the shower.    If jailers or the doctor at the jail decide to discontinue that access, plaintiff can pursue administrative remedies challenging their decision at that time.    If plaintiff provides sufficient proof of a qualified disability or a medical necessity that he be allowed use of the jail's handicapped accessible shower, there is no reason to think, at this juncture, that his access will be discontinued.

It appears to the court that plaintiff "jumped the gun," in filing this lawsuit before he was evaluated by the doctor at the JCADC, before he presented sufficient authority to jail officials that he requires a handicapped shower, and before he sought relief through administrative channels.    For all the foregoing reasons, this lawsuit is dismissed without prejudice.

**MOTION FOR SUMMARY JUDGMENT**

A copy of the pleading construed as a Response (Doc. 7)

was made by the Clerk and also filed as plaintiff's Motion for Summary Judgment (Doc. 8), since that is how plaintiff encaptioned it.  Plaintiff's motion for summary judgment is denied as it is premature, and is not adequately supported, either factually or legally.

For all the foregoing reasons, the court concludes that the complaint fails to state a claim, and must be dismissed without prejudice.  However, this action should count as a strike against plaintiff, who is required to take the time and care to proceed in  an orderly fashion, despite his pro se status.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 8) is denied; plaintiff's motion for appointment of counsel is denied (Doc. 3); and this action is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 & 5) are denied as moot.

**IT IS SO ORDERED**.

Dated this 22nd day of February, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

13